**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **ED CV 26-1926-JFW(KES)**                    Date:  April 20, 2026

Title:        Daniel Sanchez Vivas -*v*- Ernesto Sanatacruz, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                        None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND DENYING PETITIONER'S REQUEST FOR IMMEDIATE RELEASE PENDING ADJUDICATION [filed 4/17/2026; Docket No. 2]**

**ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

On April 17, 2026, Petitioner Daniel Sanchez Vivas ("Petitioner") filed an Emergency Motion for Temporary Restraining Order ("Motion for TRO") and Request for Immediate Release Pending Adjudication.  As of April 19, 2026, Respondents have not filed an Opposition. The Court finds that this matter is appropriate for decision without oral argument.  After considering the moving papers, and the arguments therein, the Court rules as follows:

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious

Page 1 of  3                                            Initials of Deputy Clerk __sr__

questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). On December 18, 2025, the *Bautista* court entered final judgment as to the Bond Eligible Class. *See Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS- BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A notice of appeal was then filed by the *Bautista* defendants on December 18, 2025.  Docket No. 95. On February 18, 2026, the *Bautista* court issued a post-judgment order.  Docket No. 116.

On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows: (1) the *Bautista* court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as the they extend beyond the Central District of California; and (2) the district court's February 18, 2026 post-judgment order vacating *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal. *See Bautista v. DHS*, No. 26-1044, Dkt. No. 17 (9th Cir. 2026). However, the *Bautista* court's December 18, 2025 judgment remains in place as to the Central District of California.

Accordingly, because Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment (and meets the requirements for the issuance of a temporary restraining order), Petitioner's Motion for TRO is **GRANTED**.  While Petitioner seeks immediate release, the Court concludes that ordering a bond hearing in seven days, as other courts in this district have generally ordered in these circumstances, is more appropriate. Accordingly, Petitioner's Request for Immediate Release Pending Adjudication is **DENIED**.

Tthe Court **ORDERS** that:

- Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

- Respondents shall show cause, in writing, by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than two (2) days after Respondents' filing. The Court sets a hearing on whether a preliminary injunction should issue on **May 4, 2026 at 8:00 a.m.**

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district

Initials of Deputy Clerk __sr__

court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In this case, the Court exercises its discretion and waives the bond requirement under Rule 65(c).


IT IS SO ORDERED.

Initials of Deputy Clerk _sr_